UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                Case No. 2:11-mj-7
                                                HON. TIMOTHY P. GREELEY

ROME ALBERT BOOTH, JR.,

      Defendant.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On March 17, 2011, a misdemeanor information was filed in this matter charging Rome Albert Booth, Jr., with a petty offense for an assault of his wife, an Indian female, in violation of §§ 113(a)(5), 1151 and 1152.  The matter was set for trial.  On July 14, 2011, a joint motion for an ends of justice continuance was filed in which the parties indicated they were pursuing the possibility of pretrial diversion.  By order of July 15, 2011, an ends of justice continuance was entered to allow the parties to pursue the possibility of pretrial diversion.  The parties' efforts to resolve this matter through pretrial diversion were lengthy, but unsuccessful.  Trial was scheduled and held on April 19, 2012.  Testifying at trial were Michelle Robbins, Danielle Booth, Officer James McLeod, Chief Robert Marchand, Teresa Kauppila, Officer Dan Frechette and defendant Rome Albert Booth, Jr. The evidence established that on March 16, 2011, a dispute arose between defendant and his wife, Danielle Booth, regarding Ms. Booth's alleged infidelity.  An argument ensued at their residence. During this argument, defendant allegedly assaulted Ms. Booth. Ms. Booth

made a 911 call to Chippewa County Sheriff Department Dispatch and officers were dispatched. Defendant was eventually arrested.

The elements of the offense with which defendant is charged under 18 U.S.C. § 113(a)(5) require the government to prove beyond a reasonable doubt that defendant deliberately touched Ms. Booth, that the touching was done in a patently offensive manner, and that the touching was without justification or excuse. *See U.S. v. Whitefeather*, 275 F.3d 741, 743 (8th Cir. 2002). In the present case, the government was also required to prove that the assault took place within Indian country, that Ms. Booth was an Indian, and that defendant was a non-Indian. *See U.S. v. Perrien*, 274 F.3d 936, 939 (5th Cir. 2001). During trial, it was apparent that Danielle Booth had reconciled with her husband and was no longer interested in pursuing the assault charge against defendant. However, her testimony established that an assault occurred on March 16, 2011. Even in her efforts to minimize defendant's behavior, she indicated defendant shoved her at least seven times, pushing her down onto the couch. Defendant admitted to some physical contact with Ms. Booth, but maintained it was Ms. Booth who assaulted him. Defendant was understandably upset with Ms. Booth on March 16, 2011, when he confronted her regarding her alleged infidelity. To the extent that defendant denies he assaulted Ms. Booth, I find his testimony not credible. The testimony established beyond a reasonable doubt that defendant committed an assault on Ms. Booth.

At the close of the proofs, defendant requested that the record remain open so he could challenge this Court's jurisdiction based on a claim that he was not a non-Indian. By filing date of April 30, 2012, defendant provided notice to the Court that he was abandoning the claim that he was a Native American and was not contesting this Court's jurisdiction. Accordingly, the Court finds, based on the testimony offered at trial, that the government has met its burden of proof and has established beyond a reasonable doubt that defendant, a non-Indian, assaulted Ms. Booth, an

- 3 -

Indian, within Indian country, and that the assault was done in a patently offensive manner and was a touching without justification or excuse.  Accordingly, the matter will be set for sentencing.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 9, 2012

- 3 -

Indian, within Indian country, and that the assault was done in a patently offensive manner and was a touching without justification or excuse.  Accordingly, the matter will be set for sentencing.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 9, 2012